City of Milwaukee, Respondent, vs. Milwaukee Electric Railway & Light Company, Appellant.

*November 11—December 6, 1932.*

612

For the appellant there was a brief by *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *James D. Shaw*.

For the respondent there was a brief by *Max Raskin,* city attorney, and *Herbert C. Hirschboeck,* assistant city attorney, and oral argument by *Mr. Hirschboeck*.

OWEN, J. This action is brought by the city of Milwaukee to restrain the Milwaukee Electric Railway & Light Company from unlawfully operating cars upon the streets of the city of Milwaukee for the carriage of freight. Contending that the railway company has no franchise permitting it to carry freight or express upon the streets of the city of Milwaukee, the city of Milwaukee commenced an action on June 18, 1929, to restrain the railway company from unlawfully operating cars for the carriage of freight on its streets. The various franchises under which the railway company was operating were examined by this court

upon appeal from the judgment rendered in that case, and it was held that its franchises authorized the railway company to operate on certain streets in the city of Milwaukee interurban cars "which are used primarily, but not necessarily exclusively, for passenger service; that in connection with and as incidental to such passenger service, freight or express may be carried in interurban cars which are also available for passenger service; but that it does not authorize the operation of cars to be used exclusively for the transportation of freight." *Milwaukee v. Milwaukee E. R. & L. Co.* 205 Wis. 453, 461, 237 N. W. 64, 238 N. W. 377. Upon the *remittitur* of that case to the lower court, that court entered judgment pursuant to the mandate of this court, restraining the defendant from operating interurban cars used "exclusively" for the transportation of freight on certain designated streets and portions of streets in the city of Milwaukee.

It appears that subsequent to the entry of that judgment the railway company remodeled certain of its passenger cars by devoting about two-thirds thereof to the accommodation of freight, and fitting up the remaining one-third for the accommodation of passengers. These cars were put into service between Milwaukee and Port Washington and Sheboygan. Three round trips daily were made. They were started from the terminals a very few minutes after the dispatch of other passenger cars or trains on the same trip from such terminals. While the regular passenger trains or cars made the trip from Milwaukee to Sheboygan in less than two hours, these remodeled cars required three hours or more to make the trip. During the month of January, 1932, a total of fifty-eight passengers was accommodated by the north-bound so-called freight cars, and a total of fifty-six passengers was accommodated by the south-bound cars. The mileage which these passengers were carried does not appear, nor does the revenue accruing to the company for

their passage appear. However, it does appear that they were not through, but were mere way, passengers traveling from station to station along the line.

The city, contending that the operation of these remodeled cars in the manner indicated still constituted a violation of the franchise rights of the company, brought this action to again restrain the company from the operation of such cars.

The first contention made by the defendant is that the judgment in the former action is *res adjudicata* in this action, and, as the cars here in question are not devoted exclusively to the carriage of freight, the company is within its franchise rights in the operation of these cars, pursuant to the decision of this court in the former case, and that the remedy of the city, if any it has, is in the nature of contempt proceedings for a violation of the former injunction.

The former judgment is not *res adjudicata* of the issues involved in this action. While the former case presented general issues concerning the extent of the right of the company to carry freight on the streets of the city of Milwaukee, the evidence in that case was addressed to then practices of the company which it was deemed were outside of its franchise rights. The evidence in that case showed that the company was operating cars upon the streets of Milwaukee for the exclusive carriage of freight. Whether it had a right to operate such cars was the question really litigated. The city contended the company had no right to carry freight or express in any type of car or in any manner whatever. This contention required the examination of various franchises conveying to the company rights to use the streets of the city of Milwaukee. While the opinion indicated in most general terms the extent of this right, the decision of this court went only to the extent of condemning the operation of cars used exclusively for the carrying of

freight, they being the only type of car under assault. While upon a motion for a rehearing it was urged that the decision of this court be made more specific, and go to the extent of specifying just what cars might be used, this court declined to do so, and contented itself with awarding the relief which the evidence showed the city was entitled to in that case, and that was the restraining of the defendant from the operation of cars devoted exclusively to the carriage of freight. The defendant, construing that decision as permitting the carriage of freight in cars so constructed as to also accommodate passengers, has put into service the type of car above described, and the question is whether the operation of such a car in such a service is authorized by its various franchises as construed by this court in the former case.

The former opinion gave emphasis to the right of the company to carry freight as an incident to its passenger service. Operation of interurban cars by the defendant on the streets of the city must be primarily for passenger service. This does not authorize the operation of cars primarily for freight and incidentally for passenger service. That numerous factors enter into the consideration of the question whether a specific service is primarily freight or passenger, is apparent. The plan and construction of the car, and the relative space allotted to each service, are proper factors to be considered, but are not the only factors.

Among other considerations that enter into a solution of the question are: the public need that is satisfied by the service; what consideration has prompted the operation of the cars; is the revenue derived from the freight or the passenger service the greater; does the character of the service rendered, more nearly resemble that service generally rendered by similar carriers in the freight or passenger field; is the service rendered dominantly or primarily a freight service or a passenger service. This is necessary, because the franchise of the defendant authorizes it to carry freight over the

streets of the city of Milwaukee only so far as it is an incident to the primary purpose of carrying passengers. The operation, therefore, of cars or trains for the primary purpose of carrying freight, though they may incidentally carry passengers, is not within its franchise rights. A freight train does not become a passenger train because it is equipped with a caboose in which passengers may ride. A train or car the primary function of which is to carry freight does not become a passenger car within the meaning of the defendant's franchise because it provides a place in which passengers may ride.

Tested by all the considerations above mentioned, the type of car operated by the defendant here challenged is not a passenger car. It is not operated for the primary purpose of carrying passengers, and it is wholly unauthorized by its franchises as they were construed in the former case.

The number of passengers carried in the month of January, 1932, is almost negligible. The revenue derived from this branch of the service is unimportant. The schedule upon which the cars were run was not calculated to serve passenger traffic. They left the terminals at each end of the route a few minutes behind a through, fast-moving passenger train. The passengers left by the through passenger train to be served by this slow-going train could be but most scattering and desultory. The testimony of the defendant's officials shows that in order to get passenger patronage it is necessary to run a fast train that will compete with the automobiles. As already stated, the passenger train was made to run from Milwaukee to Sheboygan in less than two hours, while the cars or trains here challenged required more than three.

These considerations show conclusively that it was not the purpose of these freight cars to minister to the passenger necessities upon the line. The passenger trains were so

scheduled as to relieve the freight trains of passenger patronage. It is plain that the judgment of the trial court must be affirmed.

The defendant importunes the court in this case, as it did in the former, to give a more specific interpretation of its franchise rights with reference to the carriage of freight. In making this request the defendant acts upon the assumption that all that is required is, that we specify the portion of a car which may be devoted to the transportation of freight. As already seen, that is not all there is to the question and, if it were, we deem it improper for this court to lay down any rule of thumb by the application of which it may be arbitrarily determined what character of cars the defendant is authorized to operate under its franchises. We do not see our way clear to be any more specific upon this question. Transportation conditions and equipment are continually changing, and any arbitrary rule that would satisfy the present may become entirely ridiculous in the future. We can do no more than to say, as we did in the former opinion, that the defendant is not entirely prohibited from carrying freight upon the streets of the city of Milwaukee. But in so far as it does carry freight, it must be merely incident to the transportation of passengers. It seems inevitable that each successive undertaking on the part of the defendant in the way of transporting freight will furnish a new subject of controversy, and the court can go no further than to say whether the practice under scrutiny at the time constitutes a violation of franchise rights.

The judgment appealed from restrained the defendant not only from operating the cars here under consideration, but "from running or operating any other car or cars constructed or used so that more than one-fourth of the space within each car, which could be used for carrying both passengers and goods, is made available for carrying freight,

express, or goods of any other description for hire, over or upon the streets," described in the ordinance of March 22, 1906. From what has already been said, this provision of the judgment is entirely improper, and the judgment should be modified by striking out this provision. As so modified it will be affirmed.

*By the Court.*—Judgment modified as indicated in the opinion and, as so modified, is affirmed. Respondent to recover costs.